## WALTER H. FARNUM *vs.* JABEZ M. DAVIDSON.

It is not erroneous in a judge to refuse to rule, at the request of both parties, that certain facts in evidence do or do not amount, in law, to a demand upon the maker of a promissory note, so as to charge an indorser: The proper course is, to instruct the jury what is necessary to constitute a legal demand, and to leave it to them to determine, upon the evidence, whether such a demand has been made or not.

THIS action was brought against the defendant, as the indorser of a promissory note made by Charles Pierce, payable to himself or order, and indorsed by him, and also by the defendant.

At the trial, which was before *Merrick*, J., in the court of

common pleas, the plaintiff called a witness, who testified, that on the day when the note became due, in the forenoon, he went to the house of the maker, (who had no other place of business,) for the purpose of obtaining payment of the note, which he then had with him; that he had previously taken the advice of counsel as to how he should proceed; that he inquired for Pierce at his house, and was informed by a woman who came to the door, that he was not at home; that the witness thereupon handed the woman a notice for Pierce, which contained a statement of what the note was, — to whom it belonged, — where it was, — and its amount, — and requested the woman to give the same to Pierce, as soon as he should come home; and that the witness also told the woman what the note was, — to whom it belonged, — its amount, — and when payable.

The counsel for the defendant then inquired of the counsel for the plaintiff, whether he should offer any further testimony as to the demand, and was answered in the negative. The former, then, admitting that the demand, if any was made, was at the proper place, requested the judge to rule, that the facts testified to, as above stated, did not amount in law to a demand on the maker, which would charge an indorser.

The presiding judge refused to rule as requested, but stated that he should leave it to the jury to determine, upon all the evidence in the case, whether a sufficient demand had been made on the maker, after stating to them the principles of law applicable to that point.

After the evidence on both sides had been introduced, without any further testimony as to the demand, the counsel for the plaintiff requested the judge to rule, whether or not the facts testified to as already stated amounted in law to a demand on the maker, and the defendant's counsel joined in the same request; both agreeing that there was no dispute as to the facts being as the witness had stated.

The judge again declined to rule as requested by the counsel; but after instructing the jury as to what was a sufficient

legal demand upon the maker of a note, (to which instruction no exception was taken,) he left it to the jury to determine, upon all the facts in evidence, and the admission of the defendant, and upon the effect of the testimony, and the proper inferences to be drawn therefrom, whether a demand had been made on the maker or not.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*F. W. Sawyer*, for the defendant.

*L. Mason*, for the plaintiff.

FLETCHER, J. This was an action of assumpsit by the indorsee against the indorser of a note. The matter in issue was a simple question of fact, namely, whether a demand had been made on the maker.

It would seem, from the report of the case, that a competent agent, with the note in his possession, went to the right place, and at the right time, to get payment of the note; that the maker was not found at the place, and that the agent left a letter referring to the note, to be delivered to the maker; and the agent also made certain statements, in regard to his business, to the person found at the place, where it was proper to require payment of the maker.

The report then states, that the counsel for the defendant requested the court to rule, that the facts testified to did not amount in law to a demand upon the maker, and that the counsel for both parties, at another stage of the cause, requested the court to rule on these facts, as they are called, as matter of law, but the judge refused to rule as requested. There is surely much inaccuracy and confusion in this language. What is clearly evidence and nothing more is called facts; and the court was asked to settle, as matter of law what evidently was proper only to be settled by the jury, as matter of fact.

This is not a case where there was no evidence proper to be submitted to a jury. The evidence certainly tended to prove a demand. The jury would not be confined to the precise statement of the witness; but would very properly

make inferences from those statements; and from what was stated by the witness to have been said, they might well infer, that other things were said ; and what was the understanding of the parties from what was said was purely matter of fact for the jury. To weigh the probabilities, to draw inferences and conclusions from the facts and circumstances proved, and thus to determine the controverted fact, whether or not there was a demand on the maker, was manifestly within the province of the jury. And whether or not there was a demand must be determined upon the particular facts and circumstances of each case.

The error, which runs through the whole case, and seems to have been common to both parties, is in considering evidence as facts. It is undoubtedly true, that it is for the court to apply the law to the facts, and to declare their legal effect where there is no question or controversy in regard to them But here the fact of a demand was the very matter in issue, and the point of controversy ; and the court was asked not to apply law to facts, but to pronounce upon the evidence. Both parties requested the court to decide, whether the evidence amounted in law to a demand on the maker of the note ; that is, whether the evidence proved a demand. The judge certainly most properly referred that matter to the jury to whom it belonged, and gave them, as is admitted, full, correct and satisfactory instructions as to the law of the case.

This was clearly the proper course, and the only proper course.

*Exceptions overruled, and judgment on the verdict.*